IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SUSAN TAYLOR,**

        **PLAINTIFF**

**VS.**        **CASE NO.: 1:23-cv-351 HSO-BWR**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**        **DEFENDANT**

**PLAINTIFF'S AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Susan Taylor, ("The Plaintiff") in the above entitled and numbered cause, complaining of and against State Farm Fire and Casualty Company. Defendant herein, and for cause of action would respectfully show unto the Court as follows.

## I. DISCOVERY CONTROL PLAN

**1.**

Discovery is intended to be conducted pursuant to Fed. R. Civ. P. 26.

## II. PARTIES

**2.**

Plaintiff **SUSAN TAYLOR** is an adult resident of the County of Harrison, in the State of Mississippi.

**3.**

Defendant **STATE FARM FIRE AND CASUALTY COMPANY** is an insurer domiciled in the State of Illinois who is authorized to do and is doing business in the State of

Mississippi, which may be served through its Registered Agent for Service of Process, United States Corporation Company 109 Executive Drive, Suite 3, Madison, MS 39110.

### III. VENUE AND JURISDICTION

4.

This action was originally filed in the Circuit Court of Pearl River County, Mississippi. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the United States District Court for the district and division of the original action.

### IV. PROCEDURAL HISTORY

5.

This action was originally filed in the Circuit Court of Harrison County, Mississippi and was assigned Case number A2401-23-325. The Defendant removed the action to the United States District Court Southern District of Mississippi Southern Division on October 13, 2023, and a new case number was assigned, 1:23-cv-268 HSO-BWR. The original pleading contained multiple plaintiffs with individual claims, and the Defendant requested severance of the plaintiffs' claims. An Order for Severance was granted on December 4, 2023. This action was then assigned the current Cause number in this matter, 1:23-cv-351 HSO-BWR.

### V. RELEVANT FACTS

6.

At all relevant times, Plaintiff Susan Taylor owned the property located at 135 Destiny Oaks Drive, Long Beach, MS 39560 (the "Destiny Oaks Property").

7.

At all relevant times, State Farm Fire and Casualty Company provided a policy of insurance, number 24-BV-U058-9 (the "Destiny Oaks Policy"), to Plaintiff Susan Taylor which

covered the Destiny Oaks Property against perils including wind and provided the following coverages: $250,000.00 for Dwelling; $25,000.00 for Other Structures; $187,500.00 for Personal Property; and $75,000.00 for Loss of Use, *inter alia*.

**8.**

On or around October 28, 2020, Hurricane Zeta made landfall, causing damage across Louisiana and south Mississippi and extending to the Plaintiff's property in Mississippi.

**9.**

Plaintiff Susan Taylor promptly reported the loss to State Farm Fire and Casualty Company, who assigned it claim number 24-13D7-94T (the "Destiny Oaks Claim").

**10.**

Upon realizing that Defendant would not adjust their claims fairly or accurately, Plaintiff retained independent adjuster Exact Building Consultants, Inc to inspect their property and value their damages.

**11.**

Exact Building Consultants, Inc inspected the Destiny Oaks Property on or about June 8, 2022 and documented $93,796.10.

**12.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

**13.**

No further payments have been made.

**14.**

Defendant has filed and refused to evaluate the information and surrounding facts

regarding Plaintiff's covered claims, choosing instead to rely entirely on the incorrect assumptions and conclusions of its agents, employees, or consultants.

**15.**

Defendant has persisted in refusing to pay the full amount due to Plaintiff's claims. No reasonable basis exists or has existed at any time for Defendant's delay and/ or refusal to provide covered benefits due and owing under the Policy.

**16.**

Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to repair of the Property.

**17.**

At all relevant times, Plaintiff has complied with their obligations pursuant to the insurance agreement, including payment of all premiums due under the policy, giving prompt notice to their insurer, providing a description of the facts of the loss, taking reasonable steps to protect the covered residence, permitting the inspection of the residence by the insurer, and cooperating with the insurer during the investigation of the claim.

**18.**

Upon information and belief, Defendant purposefully and/ or negligently failed to timely tender benefits due to the Plaintiff after having received satisfactory proof of losses.

**19.**

Upon information and belief, Defendant purposefully and/ or negligently misrepresented to the Plaintiff the terms and conditions of their policies.

**20.**

Upon information and belief, Defendant conducted the investigation and claims handling

for the Plaintiff in bad faith, as that term is used in conjunction with Mississippi's insurance code.

**21.**

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

**22.**

Upon information and belief, Defendant purposefully and/ or negligently failed to include adequate overhead and profit in its estimates of damages.

**23.**

Plaintiff has incurred or will incur additional expenses in repairing their property as a result of Defendant's failure to timely compensate them for their substantial and covered losses.

**24.**

As a result of State Farm Fire and Casualty Company failure to timely and adequately compensate the Plaintiff for their covered loss, they were forced to incur the expense of retaining counsel and other expenses to prosecute their claims.

**25.**

At and during the time of the acts and/ or omissions complained of herein, any acts and/ or omissions committed by an agent, representative, or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant. Defendant is therefore liable to the Plaintiff for the acts and/ or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

## VI. CAUSES OF ACTION

### A. Breach of Contract

**26.**

The Plaintiff reallege and re-aver the allegations contained in paragraphs 1-25, above, as if restated herein.

**27.**

Defendant owes a duty to its policyholders to make prompt and proper payment for all claims, to make its policy limits available to insured for losses. These duties arise from the policy itself, Mississippi jurisprudence, and duties implied in every contract in Mississippi.

**28.**

The Plaintiff has now suffered covered losses under their policies.

**29.**

State Farm breached its contractual duties and failed to provide reasonable and adequate insurance coverage to the Plaintiff by:

   a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered losses;

   b. Purposely and/ or negligently misrepresenting to the Plaintiff the terms and conditions of the Policy;

   c. Failing to conduct the claims handling for the Plaintiff's claims in good faith and with fair dealing;

   d. Manipulating its pricing software to artificially suppress the cost of repairs below market value;

   e. Failing to include adequate overhead and profit in its estimates of damages.

**30.**

The Plaintiff has suffered and continues to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

**31.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-30, above, as if restated herein.

**32.**

Defendant, at all relevant times, owed a duty of good faith and fair dealing to the Plaintiff in the handling and administration of its property damage claim.

**33.**

The actions and/ or inactions of State Farm in failing to timely and adequately compensate the Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with the Mississippi Insurance Code, making State Farm liable for bad faith penalties.

**34.**

Defendant State Farm breached this duty by failing to provide payment for property damage in a reasonable manner.

**35.**

There was no good faith arguable basis for positions taken by Defendant for all denials and delays of payment for coverage.

**36.**

Defendant either knew or should have known that each Plaintiff suffered a property loss

and should have made payments on the claim without unreasonable and avoidable delay.

**37.**

Defendant's breach of the aforementioned duties was the direct and proximate cause of the harm suffered by the Plaintiff, and but for their breach the harm suffered by the Plaintiff would have been avoided.

**38.**

Defendant's refusal to tender payment was deliberate, without excuse or justification, and therefore shows bad faith conduct under the laws of the State of Mississippi.

## C. DAMAGES

**39.**

Complainant realleges and re-avers the allegations contained in the preceding paragraphs above, as if restated herein.

**40.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

  a. Diminution of the value of the Property;
  b. Actual repair costs;
  c. Reimbursement for personal repairs at the Property;
  d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;
  e. Additional living expenses;
  f. Mental anguish;
  g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## VII. JURY DEMAND

**41.**

Plaintiff demands a trial by jury to resolve all fact issues in this case.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover from said Defendant, individually, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

**WEBSTER VICKNAIR MACLEOD**

By: _____
JASON C. WEBSTER
MS Bar no. 100920
6200 Savoy Dr. Ste. 150
Houston, Texas 77036
(713) 581-3900 (telephone)
(713) 581-3907 (facsimile)
filing@thewebsterlawfirm.com